IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

MARIA RIQUELME,

        Plaintiff,

-vs-

CASE NO.: 07CA14282

DIVISION: J

JAMES R. DOCK and UNITED STATES
GOVERNMENT DEPARTMENT OF THE AIR
FORCE, Individually and Jointly,

        Defendants.

_____/

## REQUEST FOR ADMISSIONS

TO:    JAMES R. DOCK
12526 Sparkleberry Road
Tampa, Florida 33626

Captain Carlos Colon
UNITED STATES GOVERNMENT DEPARTMENT OF THE AIR FORCE
6th Air Mobility Wing (AMC)
8208 Hangar Loop Drive
MacDill Air Force Base, Florida 33621-5502

UNITED STATES DEPARTMENT OF DEFENSE
Secretary of Defense
1000 Defense Pentagon
Washington, DC 20301-1000

OFFICE OF THE ATTORNEY GENERAL
STATE OF FLORIDA
501 East Kennedy Boulevard
Suite #1100
Tampa, Florida 33602-5258

The Plaintiff(s), by and through the undersigned attorney, requests the Defendant(s), pursuant to the Florida Rules of Civil Procedure, within forty-five (45) days from the date of service hereof, to make the following admissions for the purpose of this action only, and subject to all pertinent objections to admissibility which may be interposed at Trial:

**ADMIT OR DENY EACH OF THE FOLLOWING:**

1. That the cause of action alleged herein occurred in Tampa, Hillsborough County, Florida.

2. That at all time pertinent to this action, the Defendant, JAMES R. DOCK, was a resident of Tampa, Hillsborough County, Florida; and/or became non-resident of the State of Florida or has concealed his whereabouts thereby constituting the Secretary of State as agent for the service of process in accordance with Florida Statutes, Section 48.171 and/or Florida Statutes, Section 48.161.

3. That at all times pertinent to this action the Defendant, UNITED STATES GOVERNMENT DEPARTMENT OF THE AIR FORCE, a Foreign corporation, was doing and maintaining business in Tampa, Hillsborough County, Florida, having one such business at 6800 North Dale Mabry Highway, Suite #114, Tampa, Florida 33614.

4. That all time pertinent to this action the Defendant, UNITED STATES GOVERNMENT DEPARTMENT OF THE AIR FORCE, was the owner of a motor vehicle being operated with their knowledge, permission and consent by the Defendant, JAMES R. DOCK.

5. That on or about July 10, 2006 the Defendant, JAMES R. DOCK, was the operator of a motor vehicle owned by the Defendant, UNITED STATES GOVERNMENT DEPARTMENT OF THE AIR FORCE, traveling eastbound across the Southbound lanes of North Dale Mabry Highway, North the intersection with Lambright Street, in Tampa, Hillsborough County, Florida.

6. That at said time and place the Plaintiff, MARIA RIQUELME, was the owner and operator of a motor vehicle, traveling South upon Dale Mabry Highway, North of the intersection with Lambright Street, in Tampa, Hillsborough County, Florida.

7. That at said time and place the Defendant, JAMES R. DOCK, did so carelessly, recklessly and negligently drive, manage or operate a motor vehicle, so as to cause the same to collide with the motor vehicle owned and operated by the Plaintiff, MARIA RIQUELME, producing injuries to said Plaintiff as hereinafter alleged.

8. That as a direct and proximate result of the carelessness, recklessness and negligence of the Defendant, JAMES R. DOCK, the Plaintiff, MARIA RIQUELME, sustained significant and permanent loss of an important bodily function, significant and permanent scarring or disfigurement, permanent injuries within a reasonable degree of medical probability, injuries to her head, neck, back, spine, discs, shoulders, arms, legs, knees, ankles, joints, muscles, tendons, ligaments, nerves, soft tissues, and body as a whole; became depressed and anxious; aggravated any pre-existing condition; suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money; suffered any non-permanent injuries for which lost wages, medical expenses and other out-of-pocket expenses were incurred and not otherwise provided for in the payment of PIP or insurance related benefits. Said losses are either permanent or continuing in nature and the Plaintiff, MARIA RIQUELME, will suffer the losses in the future; she has met or will have met by the time of the Trial the requirements of Florida Statutes, Section 627.737.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished for service of process with the Complaint filed herein.

OSCAR V. LOPEZ, ESQUIRE
FLORIDA BAR #: 725846
Post Office Box 15765
Brooksville, Florida 34604
Office: (352) 428-6312
Fax:    (352) 688-6102
Attorney for Plaintiff