# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MARIA RIQUELME,**

    Plaintiff,

v.                                            Case No. 8:07-cv-2180-T-30MAP

**UNITED STATES OF AMERICA,**

    Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Partial Summary Judgment on Liability and Incorporated Memorandum of Law (Dkt. 23) and Defendant's Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 25). The Court, having considered the motion, incorporated memorandum of law, response, supporting documentation and being otherwise advised in the premises, determines that Plaintiff's Motion for Partial Summary Judgment on Liability and Incorporated Memorandum of Law (Dkt. 23) should be denied.

## BACKGROUND

This case commenced in state court on or about November 2, 2007. At the time the Plaintiff served the complaint, Plaintiff also served a request for admissions, request for production and notice of serving interrogatories (the "State Court Discovery"). The request

for admissions, although not verbatim identical, very closely mirrored the allegations of the complaint.

The case was removed on or about November 30, 2007 (Dkt. 1). The notice of removal attached, in pertinent part, the State Court Discovery (Dkt. 1). Defendant, the United States of America, was substituted as party Defendant and answered the complaint on January 2, 2008 (Dkt. 5). On April 7, 2008, counsel for the parties met to discuss the case management report. On April 21, 2008, the case management report was filed (Dkt. 10).

Plaintiff's Motion for Partial Summary Judgment on Liability and Incorporated Memorandum of Law (Dkt. 23) seeks partial summary judgment as to Defendant's liability based on the fact that Defendant failed to respond to the request for admissions that were served with the complaint in the state court proceeding.

## DISCUSSION

**I. Summary Judgment Standard.**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action

will identify which facts are material. Id. Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

## II. Legal Analysis.

Plaintiff's complaint asserts an auto negligence case under the Federal Tort Claim Act. Plaintiff argues that she is entitled to partial summary judgment as to Defendant's liability because Defendant failed to answer the request for admissions served with the complaint in the state court proceeding and the matters contained in the request for admissions are therefore deemed admitted pursuant to Rule 36 of the Federal Rules of Civil Procedure.

Defendant argues that the request for admissions were not admitted because upon Defendant's removal of the case to this Court, the discovery became "null and ineffective." Defendant also argues that it informed Plaintiff in a letter when it received the State Court Discovery that it would not be serving any responses to the State Court Discovery because the State Court Discovery would become a nullity upon removal. Defendant also contends that Plaintiff never discussed the status of the State Court Discovery at the April 7, 2008 case management conference and waited until February 5, 2009 to inquire as to the status of the responses to the State Court Discovery.

Discovery served in a state court proceeding does not become null and ineffective upon removal. Defendant's responses to the State Court Discovery were due thirty days after the parties conducted the case management conference. This is consistent with Fed. R. Civ. P. 26(d), which states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Accordingly, Defendant should have served its responses to the request for

admissions within thirty days from the date of the case management conference, which was held on April 7, 2008. Defendant's failure to serve any response to the request for admissions deems those admissions admitted pursuant to Fed. R. Civ. P. 36.

Although Defendant did not file a formal motion to withdraw or amend its deemed admissions, the Court may construe a response to a summary judgment motion as a motion to withdraw or amend admissions. See, e.g., Bergemann v. United States, 820 F.2d 1117, 1120-21 (10th Cir. 1987); Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 686 (M.D. Fla. 2005). The Court will construe Defendant's Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 25) as a motion to withdraw Defendant's deemed admissions.

Rule 36(a) allows a party to "serve upon any other party a written request for the admission ... of the truth of any matters ... that relate to statements or opinions of fact or of the application of law to fact." Fed. R. Civ. P. 36(a). If a party does not respond within thirty days of service of the requests, or within such time as court allows or the parties agree to in writing, "[t]he matter is admitted." Id. "Any matter admitted [under Rule 36] is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). Withdrawal or amendment is permitted where "the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Id.

A court should therefore apply a two-part test to determine whether to allow withdrawal or amendment. See Perez v. Miami-Dade County, 297 F.3d 1255, 1264 (11th

Cir. 2002). The court should first consider "whether the withdrawal will subserve the presentation of the merits." Id. Second, it should "determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." Id. The first prong of the test "emphasizes the importance of having the action resolved on the merits." Id. at 1266 (quoting Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1577 (11th Cir. 1988)). It is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Id. (quoting Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995)). As to the second prong, "[t]he prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth," but it instead "relates to the difficulty a party may face in proving its case ... because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." Smith, 837 F.2d at 1578 (quoting Brook Village N. Assoc. v. Gen. Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982)).

The Court concludes that both prongs of the test are met, and will therefore allow withdrawal of Defendant's admissions. As to the first prong of the test, withdrawal of the admissions will subserve the "ascertainment of the truth and the development of the merits." Perez, 297 F.3d at 1266. In this case, the requests closely followed the allegations of the complaint. Thus, "upholding the admissions would practically eliminate any presentation of the merits of the case." Id. (quoting Hadley, 45 F.3d at 1348). Turning to the second prong of the test, the Court also finds that amendment will not prejudice Plaintiff. The prejudice relates to the ability of the party that obtained the admissions to prepare for trial.

See Smith, 837 F.2d at 1578.  Plaintiff was on notice during the commencement of this case that Defendant viewed the State Court Discovery null and void and would not be serving any responses.  Plaintiff did not include this issue in the case management report (Dkt. 10). Defendant's answer, which largely denied the allegations that are mirrored in the request for admissions, also alerted Plaintiff that Defendant disputed the matters contained in the request for admissions (Dkt. 5).  Therefore, further discovery was available to Plaintiff to ferret out these disputed issues.  As the court noted in Perez, Rule 36's time-saving function ceases when a party uses the request for admissions "with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer)."  Perez, 297 F.3d at 1268.  Accordingly, the admitted request for admissions are withdrawn.

Plaintiff relies solely on the admitted request for admissions to argue that she is entitled to partial summary judgment as to liability.  Since the Court holds that those admissions are withdrawn, the Court concludes that there is a genuine issue of material fact that precludes granting partial summary judgment as to liability.

### III.  Conclusion.

For the reasons set forth above, it is hereby

ORDERED AND ADJUDGED that:

1. Defendant's Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 25), construed as a motion to withdraw admissions, is **GRANTED**.

2. Plaintiff's Motion for Partial Summary Judgment on Liability and Incorporated Memorandum of Law (Dkt. 23) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 19, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-2180.msj.wpd